# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

BETTY MOODY                                                         PLAINTIFF

V.                                                  NO. 3:15CV0041-SA-JMV

COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's complaint for judicial review of an

unfavorable final decision of the Commissioner of the Social Security Administration regarding

claims for a period of disability and Disability Insurance Benefits and Supplemental Security

Income.  The parties have consented to entry of final judgment by the United States Magistrate

Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for

the Fifth Circuit.  The Court, having reviewed the administrative record, the briefs of the parties,

and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench during oral argument, the Court is not

convinced the ALJ's residual functional capacity assessment ("RFC") is supported by substantial

evidence in the record.  Specifically, the ALJ attributed "significant" weight to the non-

examining state agency physician's (Dr. Janise Hinson's) November 2010 opinion that the

claimant had only "mild" difficulties in maintaining concentration, persistence or pace and could

maintain attention and concentration adequately for two-hour periods.  However, the ALJ

assigned only "some" weight to the April 2013 opinion of the consultative mental examiner, Dr.

Pamela Buck, who opined the claimant's attention and concentration were moderately impaired

and that on a day-to-day basis in a regular work setting, the claimant had a "poor" ability to deal

with work stresses and "poor" ability to maintain attention and concentration.  The ALJ further

indicated that Dr. Buck's opinion did not receive greater weight because the "overall evidence"–which he identified as ten exhibits–did not support the degree of limitation Dr. Buck indicated for attention and concentration.

First, the Court notes Dr. Hinson's opinion was rendered without the benefit of a comprehensive mental status examination of the claimant. Second, to the extent the ALJ determined the "overall evidence" supported Dr. Hinson's conclusion with regard to attention and concentration and contradicted Dr. Buck's, the Court would point out that none of the evidence cited by the ALJ addresses attention and concentration, and none of it was obtained by a mental health specialist.

Ultimately, while the vocational expert's testimony establishes that all work is precluded for the claimant if she is unable to maintain attention and concentration for two hour periods, it is unclear to the Court whether Dr. Buck's assessment supports a finding of disability. Accordingly, on remand, the ALJ shall re-contact Dr. Buck and seek an opinion regarding what relation her assessment of "poor" ability to maintain attention and concentration has to the claimant's ability to maintain attention and concentration for a period of at least two hours. If such an opinion cannot be obtained from Dr. Buck, the ALJ shall order another mental status examination of the claimant and obtain a medical opinion regarding the claimant's mental ability to perform work activity during the relevant period, including the extent to which the claimant could maintain attention and concentration. The ALJ shall consider all of the evidence and reconsider the claimant's RFC. Finally, the ALJ shall determine whether there are any jobs the claimant could perform in view of her RFC. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REMANDED**

for further proceedings.

This, the 5th day of February, 2016.


/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE